UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

James R. Rosencrantz & Sons, Inc.,

      v.

John Deere Company

Civil No. 25-cv-34-JL
Opinion No. 2026 DNH 040

**ORDER**

The plaintiff, James R. Rosencrantz & Sons, Inc, seeks to confirm an arbitration award against the defendant, John Deere, and asks the court to award reasonable attorneys' fees under the New Hampshire Motor Vehicle Franchise Act, N.H. Rev. Stat. Ann. § 357-C:12(X).  Deere removed the petition from N.H. Superior Court.  Deere neither contests the award itself nor moves to vacate it.  Rather, Deere contests both the award of attorneys' fees and the amount to be awarded, based on its claim that the portion of the arbitration panel's award providing for attorneys' fees was dicta, and an award of fees by this court would be improper.

This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity). After reviewing the parties' briefing and holding oral argument, the court orders the parties to initiate further proceedings before the arbitration tribunal to seek clarification of certain aspects of the award in furtherance of confirmation of the award.

I.    **Background**

JRS and Deere are parties to a Dealer Agreement allowing JRS to operate as an authorized John Deere dealer.  The Dealer Agreement included a dispute resolution

provision which requires the parties to submit to arbitration any dispute not resolved through mediation.[1]  The Agreement further provides that "[e]ach party shall bear its costs associated with the arbitration, including its attorneys' fees, and the parties shall share equally the fees and expenses of the American Arbitration Association and the arbitrators…"[2]

In May 2023, JRS initiated an arbitration proceeding with the AAA against Deere arising out of Deere's alleged violations of N.H. RSA § 357-C.[3]  The parties agreed at the outset of the arbitration that the Commercial Arbitration Rules of the AAA and the Federal Arbitration Act will apply procedurally to the arbitration, while New Hampshire law would apply substantively.[4]

As part of its claims under RSA § 357-C in the arbitration, JRS requested attorneys' fees under § 357–C:12(X). The section reads, in relevant part, that "[i]n cases where the [New Hampshire motor vehicle industry] board finds that a violation of this chapter has occurred ..., the superior court, upon petition, shall determine reasonable attorney's fees and costs and award them to the prevailing party."  RSA § 357–C:12(X). Deere objected, arguing that because the Federal Arbitration Act preempted the New Hampshire statute, the parties' agreement preempted New Hampshire law.  Deere also argued that the panel could not decide on attorneys' fees because JRS had not submitted the amount of fees to arbitration.

---

[1] Compl. (doc. no. 1) at ¶ 10.
[2] Compl. Ex 1 (doc. no. 1-1) at 10.
[3] Compl. (doc. no. 1) at ¶ 12.
[4] Pet. Supp. Brief Ex. 1 (doc. no. 29-1) at 1.

On September 17, 2024, the panel issued an arbitration award.  The arbitrators unanimously ruled that Deere violated R.S.A. 357-C:3(III)(v) and R.S.A. 357-C:3(I). After concluding that Deere had violated the two provisions, the award states:

> Notwithstanding these statutory violations, Deere contends that JRS is not entitled to recover its attorneys' fees and costs because the 2003 Dealer Agreement states that "[e]ach party shall bear its costs associated with the arbitration, including its attorneys' fees…." However, the New Hampshire Dealer Bill of Rights, which overrides that Agreement, affords a prevailing party the right to petition the Superior Court for its attorneys' fees and costs [under RSA § 357–C:12(X)].
> …
> As the Panel has found that Deere violated R.S.A. 357-C:3(v) and R.S.A. 357-C:3(I), JRS is the prevailing party and the factual predicate for filing an application for attorneys' fees and costs has been established. Accordingly, the Panel finds that such an award is appropriate as permitted by R.S.A 357-C and as may be awarded by the Superior Court.[5]

In granting relief the panel ordered, *inter alia*, that,

> Subject to R.S.A 357-C(12)(X) and a possible award of attorneys' fees and costs by the Superior Court upon petition of JRS as the prevailing party, the administrative fees and expenses of the American Arbitration Association totaling $9,350.00, and the compensation and expenses of the arbitrators totaling $100,970.02 shall be borne equally by the parties in accordance with the arbitration clause and Exhibit 4 of the 2003 Dealer Agreement. Therefore, Respondent shall reimburse the sum of $4,675.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.[6]

Finally, the award states that it "is in full settlement of all claims and counterclaims

---

[5] Award (doc. no. 1-1) at 39.

[6] *Id*.

3

submitted to this Arbitration. All claims not expressly granted herein are hereby, denied."[7]

On December 17, 2024, JRS filed a petition to confirm the award, enter judgment, and award attorneys' fees in the Superior Court of New Hampshire, County of Rockingham.  Deere did not move during the period from September 17, when the award was issued, to December 17 to vacate or modify any portion of the award.  Deere removed the petition to this court.

## II.    Legal standard

The scope of review of an arbitrator's decision in labor disputes is extremely narrow and "extraordinarily deferential." *Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica Local,* 959 F.2d 2, 3–4 (1st Cir. 1992). Confirmation is a summary proceeding intended to make the award a judgment of the court, not to reopen the merits or adjudicate new claims.  *See Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987).  Courts "do not sit as a court of appeal to hear claims of factual or legal error by an arbitrator or to consider the merits of the award." *Hoolahan v. IBC Advanced Alloys Corp.*, 947 F.3d 101, 111 (1st Cir. 2020) (quoting *Asociación de Empleados del E.L.A. v. Unión Internacional de Trabajadores de la Industria de Automóviles*, 559 F.3d 44, 47 (1st Cir. 2009)).  "It is the arbitrator's view of facts and of the meaning of the contract that they [the parties] have agreed to accept." *United Paperworkers Int'l. Union v. Misco,* 484 U.S. 29, 37–38 (1987).  "As long as the Award draw[s] its essence from the agreement that underlies the arbitration proceeding," and the

---

[7] *Id*. at 40.

arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Hoolahan*, 947 F.3d at 111, 116 (citations omitted). "[O]ur limited review applies '[e]ven where such error is painfully clear, [because] courts are not authorized to reconsider the merits of arbitration awards.'" *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 932 F.3d 1, 9 (1st Cir. 2019) (quoting *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8 (1st Cir. 1990)).

Upon application to the court, "the court must grant [an order confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

## III.    Discussion

Without formally seeking to modify or vacate the award under 9 U.S.C. §§ 10 or 11, Deere opposes JRS's request to have this court award attorneys' fees under the award and RSA § 357–C:12(X). Deere asserts that "by asking the Court to deny JRS's request to adjudicate its fee claim as part of the statutorily limited confirmation proceeding, [it] is not asking the Court to modify the Award."[8] Instead, it argues, the panel's findings on attorneys' fees are "dicta" and that the panel did not make a finding about the question of preemption or the amount of fees, so an award of attorneys' fees by this court would be

---

[8] Resp't's Suppl. Brief. (doc. no. 28) at 9.

an impermissible expansion or supplementation of the award.[9]  Deere also argues that it

was not required to move to modify or vacate the award, again because it argues that the

findings on attorneys' fees were dicta, without legal force.  Finally, Deere contends that

the award is too ambiguous to allow this court to confirm it without ordering the arbitral

panel to clarify its meaning.

Deere's assertions are based on a studious misreading of the award.  Not only did

the panel make findings on the questions presented to them, but its authorization of

attorneys' fees was not dicta.

First, the panel did not fail to make a finding on the question of preemption, as

Deere asserts.  The award states,

> Deere contends that JRS is not entitled to recover its
> attorneys' fees and costs because the 2003 Dealer Agreement
> states that "[e]ach party shall bear its costs associated with the
> arbitration, including its attorneys' fees…." However, the
> New Hampshire Dealer Bill of Rights, *which overrides that
> Agreement*, affords a prevailing party the right to petition the
> Superior Court for its attorneys' fees and costs…[10]

The panel's finding that the New Hampshire Dealer Bill of Rights overrides the parties'

Dealer Agreement directly addresses the question of preemption, which was thoroughly

briefed by both parties during the arbitration,[11] and shows the panel arguably construing

or applying the contract.  *See Hoolahan*, 947 F.3d at 116 ("as long as the arbitrator is

even arguably construing or applying the contract and acting within the scope of his

---

[9] Resp't's Opp. to Pet'r's Suppl. Brief (doc. no. 30) at 7.
[10] Award (doc. no. 1-1) at 39 (emphasis added).
[11] *See, e.g.* Deere's Post-Arbitration Brief (doc. no. 25-1) at 36.

authority, that a court is convinced he committed serious error does not suffice to overturn his decision.").  Even if the court disagreed with the panel's finding, it lacks the authority to "reconsider the merits of arbitration awards."  *See Dialysis Access Ctr., LLC, 932 F.3d. at 9.*  Further, because Deere emphasizes that it does not seek to vacate or modify the award,[12] its references to *Deere & Co. v. State,* 168 N.H. 460, 130 A.3d 1197 (2015), which addresses the question of preemption in the context of the New Hampshire Dealer Bill of Rights, *KKW Enterprises, Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.,* 184 F.3d 42 (1st Cir. 1999), addressing preemption with respect to Rhode Island's Franchise Investment Act, and its other preemption-based arguments in this confirmation proceeding, are not relevant.

Second, the panel's findings on attorneys' fees are not dicta.  Deere characterizes the panels finding as "[a] single sentence suggesting fees 'may be awarded by the Superior Court.'"[13]  This ignores the rest of the section, which, having found that the Dealer's Agreement was overridden and the factual predicates for an award under R.S.A 357-C(12)(X) had been met, holds that "the Panel finds that such an award is appropriate."[14]  Deere's argument also ignores the relief granted, which the panel makes "subject to R.S.A 357-C(12)(X) and a possible award of attorneys' fees and costs by the

---

[12] Deere also failed to file a motion to vacate, modify, or correct the award within the statutory time limit.  *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.")

[13] Resp't's Suppl. Brief. (doc. no. 28) at 9; *see also id.* at 7, 12, 15.

[14] Award (doc. no. 1-1) at 39.

Superior Court upon petition of JRS as the prevailing party."[15]  "When a statement in a judicial decision is essential to the result reached in the case, it becomes part of the court's holding…[dicta] comprises observations in a judicial opinion or order that are not essential to the determination of the legal questions then before the court." *Arcam Pharm. Corp. v. Faría*, 513 F.3d 1, 3 (1st Cir. 2007) (citations omitted).  Here, the result in the case—the relief "subject to R.S.A 357-C(12)(X) and a possible award of attorneys' fees"—is premised on the essential findings that R.S.A 357-C(12)(X) overrode the Dealer Agreement, the factual predicates for such an award had been met, and JRS was the prevailing party.

The plain language of the award authorizes JRS to seek attorneys' fees from the Superior Court under R.S.A 357-C(12)(X) and clearly contemplates that JRS will do so. Some ambiguity, however, arises from the panel's use of the words "may" and "possible," namely that attorneys' fees "may" be awarded, or that the relief is subject to a "possible" award by the Superior Court.  RSA 357-C(12)(X) states that "[i]n cases where the [New Hampshire motor vehicle industry] board finds that a violation of this chapter has occurred…the superior court, upon petition, shall determine reasonable attorney's fees and costs and award them to the prevailing party," stripping the Superior Court of discretion as to whether to award attorneys' fees to the prevailing party.  In this context, the award's use of the words "may" and "possible" could reasonably mean several things. They could mean that JRS is authorized, but not required, to request attorneys' fees in the

---

[15] *Id*.

Superior Court under RSA 357-C(12)(X), and that if it does, the relief granted by the panel is subject to the fees which the Superior Court must award. Alternatively, the words could mean that the Superior Court is not required to accept the panel's finding that JRS meets the statutory requirements for an award under RSA 357-C(12)(X), thus the Superior Court might not award the requested fees. The ambiguity therefore leaves unclear this court's role in confirming and enforcing the award—whether this court is merely to calculate the fees effectively awarded by the panel, or whether this court retains discretion as to whether to award fees at all.[16]

"When enforcement requires an interpretation of the arbitrator's award, the proper course is to remand to the arbitrator for clarification." *Bos. Shipping Ass'n, Inc. v. Int'l Longshoremen's Ass'n (AFL-CIO)*, 659 F.2d 1, 3 (1st Cir. 1981) (citing *Teamsters Loc. No. 25 v. Penn Transportation Corp.*, 359 F.Supp. 344, 350 (D. Mass.1973)). "[Courts] are, and should be, most reluctant in the course of enforcing an arbitration award to modify, supplement or resolve ambiguities in the arbitrator's decision, even when it would appear in keeping with the intention of the parties to do so." *Id.* "It is now well established that ambiguities and uncertainties of labor arbitration awards should not be resolved by the court acting as interpreter. Rather the proper approach is to resubmit the

---

[16] This situation differs importantly from the cases cited by Deere in which courts declined to award *additional* attorneys' fees or other damages during confirmation proceedings. *See, e.g. Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994); *Ottley*, 819 F.2d at 378. For instance in *Menke*, the parties sought "an additional award of attorneys' fees" above and beyond the fees awarded by the arbitral panel; similarly, in *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578 (5th Cir.1986), cited by the court *Menke*, the arbitral panel "did not award or even address the issue of attorneys' fees," requested by the party.

award to its author for clarification." *Teamsters Loc. No. 25*, 359 F. Supp. at 350. "Indefinite, incomplete, or ambiguous awards are remanded 'so that the court will know exactly what it is being asked to enforce.'" *Ottley*, 819 F.2d at 376 (quoting *American Ins. Co. v. Seagull Compania Naviera, S.A.,* 774 F.2d 64, 67 (2d Cir.1985)). "We have observed that 'courts on occasion may remand awards to arbitrators to clarify the meaning or effect of an award.'" *Id.* (quoting *Siegel v. Titan Indus. Corp.,* 779 F.2d 891, 894 (2d Cir.1985)); *see also Hermandad Independiente De Empleados Telefonicos v. Puerto Rico Tel. Co.*, 498 F. Supp. 2d 454, 459 (D.P.R. 2007) ("When a labor award is ambiguous, indefinite or unclear, the courts generally have recognized the power to remit to the arbitrator for clarification.").

The First Circuit Court of Appeals has not squarely addressed the propriety of a remand solely for clarification within the context of the FAA, but has done so in cases involving arbitration awards arising from labor grievances. *See Bos. Shipping Ass'n, Inc.*, 659 F.2d at 3. Other courts of appeals have allowed remands for clarification of awards made under the FAA. *See, e.g. Galt v. Libbey-Owens-Ford Glass Co.*, 397 F.2d 439, 442 (7th Cir. 1968), *cert. denied*, 393 U.S. 925, 89 S.Ct. 258, 21 L.Ed.2d 262 (1968) ("It was entirely appropriate for the District Court to let the arbitrators explain whether they had interpreted the payment clause. This method commendably avoided any judicial guessing as to the meaning of the award."); *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir. 1972) ("Courts have, on occasion, remanded awards to arbitrators for clarification…to find out whether an issue has already been decided in arbitration rather than to discover whether the arbitrators had good reasons for their award." (gathering

cases)); *see also Lanier v. Old Republic Ins. Co.*, 936 F. Supp. 839, 845-46 (M.D. Ala. 1996) (gathering cases).

A remand for clarification to *resolve ambiguity* in an award in the context of a confirmation is different from a remand for clarification so that a court can determine whether to *vacate* the arbitrators' award; a remand to resolve ambiguity does not "constitute a judicial invasion of the arbitrators' province but rather serve[s] to give the parties what they bargained for—a clear decision from the arbitrators."  *Galt*, 397 F.2d at 442.  "[W]here the parties have elected to submit their disputes to arbitration, they should be completely resolved by arbitration, rather than only partially resolved. In some cases the carrying out of this philosophy will require remanding the matter to the arbitrators." *Hanford Atomic Metal Trades Council v. General Electric Co.*, 353 F.2d 302, 308 (9th Cir. 1965); *see also San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div.*, 481 F.2d 821, 826 (5th Cir. 1973) (because "the parties have elected to submit their disputes to arbitration, they should be completely resolved by arbitration, rather than only partially resolved…[i]t is the arbitrator's construction which was bargained for" (internal citations omitted).

Because the First Circuit Court of Appeals has allowed remands for clarification of awards in labor context, and because the ambiguity of the award makes the court's role in confirmation and enforcement unclear, the court concludes that the most reasonable

11

action to take in this matter is to remand the issue to the arbitrators for clarification.[17] The court remands solely "to clarify the meaning or effect of [the] award" so that "the court will know exactly what it is being asked to enforce." *See Ottley*, 819 F.2d at 376.

## IV.    Conclusion

The parties are ordered to initiate further proceedings before the arbitration panel seeking clarification of whether the panel intended the New Hampshire Superior Court to award fees to JRS. The remand of the matter is not meant to be an appeal or an opportunity to re-examine the final decision already rendered, nor does it require that the panel explain the reasons for its award. The remand is limited, and the panel should address only the following question:

> With the understanding that the panel found that (i) R.S.A 357-C(12)(X) overrides the Dealer Agreement between the parties; (ii) JRS is the prevailing party and the factual predicate for an award under R.S.A 357-C(12)(X) has been established; and (iii) such an award is appropriate, did the panel intend to award fees to JRS to be calculated by the Superior Court?

The court will hold the petition in abeyance during the pendency of the remand. Within 30 days following receipt of the panel's clarification the parties shall request a further proceeding before this court, if necessary, for the purpose of confirming the award.

---

[17] The parties agreed at oral argument that the court may remand to the arbitral tribunal for clarification of the award in the context of a confirmation proceeding.

12

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated:  April 17, 2026
cc:      Counsel of Record