**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| JAMES R. ROSENCRANTZ & SONS, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>JOHN DEERE COMPANY, A DIVISION OF )<br>DEERE & COMPANY D/B/A JOHN DEERE, )<br><br>Defendant. ) | Civil Action No. 1:25-CV-00034-JL |

**JAMES R. ROSENCRANTZ & SONS, INC.'S**
**MOTION FOR FURTHER PROCEEDINGS TO CONFIRM ARBITRATION AWARD**
**AND FOR AWARD OF ATTORNEYS' FEES AND COSTS**

NOW COMES James R. Rosencrantz & Sons, Inc. ("JRS"), and, pursuant to the Court's

Order dated April 17, 2026, respectfully moves for further proceedings to confirm the Arbitration

Award and for an award of attorneys' fees and costs as follows:

1.      On April 17, 2026, this Court entered an Order directing the Parties to submit to the

Arbitration Panel the following question:

> With the understanding that the panel found that (i) R.S.A. 357-C(12)(X) overrides
> the Dealer Agreement between the parties; (ii) JRS is the prevailing party and the
> factual predicate for an award under R.S.A. 357-C(12)(X) has been established; and
> (iii) such an award is appropriate, did the panel intend to award fees to JRS to be
> calculated by the Superior Court?

(Order at p. 12.)

2.      In accordance with the Court's Order, JRS submitted the question to the American

Arbitration Association on April 21, 2026.

3.      On May 12, 2026, the Arbitration Panel issued the attached "Clarification of Award Per Request of the United States Court, District of New Hampshire" (the "Clarification of Award"). (Exhibit 1, Clarification of Award.)

4.      As set forth in the Clarification of Award, the Arbitration Panel answered the Court's question "Yes" and explained that the words "may" and "possible" were used only to recognize that further action was required before fees could be awarded. The Panel further explained that the applicable statute left to the Superior Court the task of calculating reasonable fees upon JRS's application substantiating those fees.

5.      In light of that clarification, JRS respectfully requests that this Court proceed to confirm the Arbitration Award and enter an award of attorneys' fees and costs in favor of JRS, consistent with the information set forth in the Affidavit of Hilary Holmes Rheaume, Esq. in Support of Plaintiff's Request for an Award of Attorneys' Fees and Costs [Doc. 21], together with the all amounts incurred in this action to date.

6.      JRS has not prepared a memorandum of law because the requested relief is straightforward and the reasons for such relief are set forth herein.

7.      The Defendant does not assent to this motion.

Respectfully submitted,
James R. Rosencrantz & Sons, Inc.

By and through its counsel,
Bernstein, Shur, Sawyer & Nelson, P.A.

Dated:  May 22, 2026

/s/      Hilary Holmes Rheaume
Hilary Holmes Rheaume, Esq., Bar No. 265510
Edward J. Sackman, Esq., Bar No. 19586
670 N. Commercial St., Suite 108
P.O. Box 1120
Manchester, New Hampshire 03105
nsackman@bernsteinshur.com
hrheaume@bernsteinshur.com
T: (603) 623-8700

2