UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| JAMES R. ROSENCRANTZ & SONS, INC., <br><br> Petitioner, <br><br> v. <br><br> JOHN DEERE COMPANY, A DIVISION OF DEERE & COMPANY D/B/A JOHN DEERE, <br><br> Respondent. | CIVIL ACTION <br> NO. 1:25-cv-00034 |

**LIMITED RESPONSE TO JAMES R. ROSENCRANTZ & SONS, INC.'S
MOTION FOR FURTHER PROCEEDINGS TO CONFIRM
ARBITRATION AWARD AND FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Respondent, John Deere Company ("Deere"), respectfully submits this limited response to Petitioner, James R. Rosencrantz & Sons, Inc.'s ("JRS") Motion for Further Proceedings to Confirm Arbitration Award and for Award of Attorneys' Fees and Costs.

Subject to and without waiving Deere's arguments as set forth in its Opposition to Petitioner's Request for an Award of Attorneys' Fees and Costs (Dkt. No. 24), Deere recognizes that in light of the Arbitration Panel's Clarification Award dated May 12, 2026, and the Court's prior Order (Dkt. No. 34), the matter is procedurally postured for further proceedings before this Court. The Panel has now stated, in response to the Court's remand question, that it intended to award attorneys' fees to JRS to be calculated by the Superior Court. Thus, Deere does not oppose the motion of JRS for further proceedings.

Deere maintains its position, however, with respect to the Panel's original Award on the issue of JRS's claim for attorney fees. While the Court previously ruled that the Panel's statements in the Arbitration Award regarding attorneys' fees were not dicta, Deere maintains that the original Award was ambiguous, did not contain an operative fee award or the findings necessary to support one, and did not address the question of preemption. Deere contends that the Panel's "clarification"

supports Deere's positions. The Panel's "clarification", which states that JRS's claim for attorneys' fees was outside the Panel's authority and instead was "explicitly" left to a determination by the Superior Court in a subsequent adjudicatory proceeding, is a material change which would have changed Deere's determination as to whether a motion to vacate or modify the Award (on the issue of fees) was warranted. The absence of such clarity in the original Award is material. Deere reaffirms its position that any application of RSA 357-C:12(X) to displace the parties' arbitration agreement and fee-allocation provisions is preempted by the FAA. Deere expressly reserves all such rights and related arguments on that issue.

Because the parties have already submitted their respective positions concerning the amount and reasonableness of the attorneys' fees requested by JRS, including JRS's affidavit and Deere's objections thereto (Dkt. Nos. 21 and 24), subject to its argument that no award of fees is proper, Deere does not oppose the Court proceeding with further consideration of JRS's request.

Respectfully submitted,

**JOHN DEERE COMPANY – A DIVISION OF DEERE & COMPANY,**

By its attorney,

*/s/ John R. Skelton*

John R. Skelton, NH Bar No. 6526
jskelton@seyfarth.com
Lisa K. Haines (admitted *pro hac vice*)
lhaines@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA  02210-2028
(617) 946-4800

Dated: May 22, 2026

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent via first class and electronic mail to those indicated as non-registered participants on May 22, 2026.

*/s/ Lisa K. Haines*
Lisa K. Haines